UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL L. MUSCAT, III, and REBECCA B. MUSCAT,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 2:25-cv-13019<br><br>Judge David M. Lawson<br><br>Magistrate Judge Anthony P. Patti |

**DEFENDANT UNITED STATES' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

The Defendant United States of America moves, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, to dismiss Plaintiffs' refund claims for income tax years 2017, 2018, 2019, 2020, and 2022 and their violation of due process claim. The United States also moves to dismiss Plaintiffs' refund claim for income tax year 2023 (as well as years 2017-2020 and 2022 if the Court finds jurisdiction) and their violation of due process claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiffs fail to meet the statutory requirements for the United States to waive sovereign immunity for a refund suit under 26 U.S.C. § 7422 and establish jurisdiction. For tax years 2017, 2018, and 2019, Plaintiffs filed their refund claims over three years after any payments applied to the taxes, and refund of those

payments are statutorily time-barred under 26 U.S.C. § 6511. Plaintiffs therefore do not meet the requirements to bring suit under Section 7422. For the 2020 and 2022 refund claims, the IRS already issued the full refund amount that Plaintiffs claimed, plus interest. Because Plaintiffs fail to establish a waiver of the United States' sovereign immunity and because the Plaintiffs lack the requisite injury-in-fact to establish standing for their 2020 and 2022 claims, the Court must dismiss Plaintiffs' refund claims for years 2017, 2018, 2019, 2020, and 2022 for lack of jurisdiction.

In addition, the United States of America moves pursuant to Rule 12(b)(6) to dismiss Plaintiffs' refund claim for 2023 (as well as years 2017-2020 and 2022 if the Court finds jurisdiction) because Plaintiffs fail to allege facts to support the refund they seek. The United States suggests that the 2023 refund claim be dismissed *without prejudice* to allow the IRS's consideration of Plaintiffs' refund claim for that year to proceed. While this suit is pending, jurisdiction over the 2023 income tax and refund claim sits with the Department of Justice. 26 U.S.C. § 7122(a). After the dismissal of this action, refiling a refund suit may become unnecessary if the IRS ultimately determines to issue Plaintiffs' claimed refund after the IRS can proceed on the account again. As the Amended Complaint stands now, however, Plaintiffs simply assert that they are owed a refund and have not alleged sufficient facts to support their bald claim that they are owed refunds for

these tax years. Therefore, the claims should be dismissed for failure to state a claim.

Similarly, Plaintiffs' added claim asserting a violation of their due process rights should be dismissed for failure to state a claim upon which the Court may grant relief. Plaintiffs simply make a cursory conclusion and state no facts to support their bald allegation that they were deprived of due process. Therefore, the Court should dismiss Plaintiffs' due process claim pursuant to Fed. R. Civ. P. 12(b)(6). And Plaintiffs identify no waiver of sovereign immunity that would permit an independent due process claim against the United States. As a result, the Court should also dismiss this claim pursuant to Fed. R. Civ. P. 12(b)(1).

Even with their Amended Complaint, Plaintiffs cannot overcome the jurisdictional defects in their claims, nor have they alleged sufficient facts to support their claims. The United States notes that while similar, its previous motion to dismiss, ECF No. 13, is moot because "[a]n amended complaint 'supersedes an earlier complaint for all purposes.'" *Kellom v. Quinn*, 86 F.4th 288, 292 (6th Cir. 2023) (quoting *Calhoun v. Bergh*, 769 F.3d 409, 410 (6th Cir. 2014)).

The United States presents further reason in support of the dismissal of Plaintiffs' Amended Complaint in the attached brief in support of this motion.

Pursuant to E. D. Mich. LR 7.1(a) counsel for the United States contacted Plaintiffs Michael Muscat and Rebecca Muscat via email on April 27, 2026, and

conveyed that the United States would file a motion to dismiss on nearly the same grounds that it filed its motion to dismiss the original Complaint. Counsel for the United States also explained the grounds on which the United States seeks to dismiss their added refund claim for 2022 and the violation of due process claim. Plaintiffs responded to the United States' email by stating that they intend to file a voluntary dismissal. The Plaintiffs did not otherwise offer a time to confer or express their concurrence with the United States' motion.

WHEREFORE, the United States respectfully moves the Court to dismiss Plaintiffs' refund claims for lack of jurisdiction for years 2017, 2018, 2019, 2020, and 2022, as well as Plaintiffs' violation of due process claim. The United States further moves for the Court to dismiss the refund claim for 2023 (as well as years 2017-2020 and 2022 if the Court finds jurisdiction) and Plaintiffs' violation of due process claim for failure to state a claim.

[SIGNATURE ON FOLLOWING PAGE]

BRETT A. SHUMATE
Assistant Attorney General

JOSHUA WU
Deputy Assistant Attorney General,
Tax Litigation Branch

/s/ Sarah Stoner
SARAH STONER (OH 103408)
Trial Attorney
Tax Litigation Branch
Civil Division, Department of Justice
P.O. Box 55
Washington, DC 20044
Telephone: 202-514-1170
Fax: 202-514-5238
Sarah.Stoner@usdoj.gov
Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2026, I filed the foregoing *Defendant United States' Motion to Dismiss Plaintiffs' Amended Complaint*, along with the following supporting brief and an exhibit list, through the Court's CM/ECF system. I further certify that, on the same day, I served copies of the same by mailing via U.S. Mail to the following pro se parties:

Rebecca Muscat
11811 Valleydale Ct.
Washington, MI 48095

Michael Muscat
11811 Valleydale Ct.
Washington, MI 48095

/s/ Sarah Stoner
SARAH STONER
Trial Attorney
Tax Litigation Branch
Civil Division, Department of Justice

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL L. MUSCAT, III, and<br>REBECCA B. MUSCAT,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2:25-cv-13019<br><br>Judge David M. Lawson<br><br>Magistrate Judge Anthony P. Patti |

**BRIEF IN SUPPORT OF DEFENDANT UNITED STATES' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

## Concise Statement of The Issues Presented

**1.** Plaintiffs filed their refund claims for 2017, 2018, and 2019 too late to obtain refunds of the amounts paid.

**2.** Plaintiffs received their refund for their 2020 and 2022 federal income taxes and show no support to establish an additional claim under 26 U.S.C. § 7422.

**3.** Plaintiffs fail to allege facts to support their claim for refund for their 2023 federal income tax.

**4.** Plaintiffs fail to allege facts to support their right to due process was violated, and they identify no waiver of sovereign immunity for an independent due process claim against the United States.

## **Controlling Or Most Appropriate Authority for The Relief Sought**

Statutes

- 26 U.S.C. § 6511
- 26 U.S.C. § 6532
- 26 U.S.C. § 7422

Cases

- *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)
- *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)
- *Cartwright v. Garner*, 751 F.3d 752 (6th Cir. 2014)
- *F.D.I.C. v. Meyer*, 510 U.S. 471 (1994)
- *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992)
- *Phillips v. Comm'r*, 283 U.S. 589 (1931)
- *United States v. Dalm*, 494 U.S. 596 (1990)

## I. Background

Plaintiffs filed their Complaint, ECF No. 1, on September 24, 2025, seeking a refund for federal income taxes for tax years 2017, 2018, 2019, 2020, and 2023. Plaintiffs filed an Amended Complaint, ECF No. 15, on April 16, 2026, asserting the same claims and adding a claim for refund of their federal income taxes for tax year 2022 and asserting an unexplained violation of due process claim. Plaintiffs invoke 26 U.S.C. § 7422 for their federal income tax refund claims and must meet its jurisdictional requirements.

Plaintiffs allege they filed federal income tax returns for all six years. And indeed they did, albeit late for all years but 2023. Without extensions, the returns were due on April 15 of the respective following year. 26 U.S.C. § 6072(a). Plaintiffs jointly filed a return for 2017 and 2018 on or about March 31, 2023. *See* ECF No. 13-2, PageID.61-62 (Literal Transcript for Plaintiffs' 2017 Income Tax); ECF No. 13-3, PageID.63-72 (Plaintiffs' filed 2017 1040 Tax Return); ECF No. 13-4, PageID.73-74 (Literal Transcript for Plaintiffs' 2018 Income Tax); ECF No. 13-5, PageID.75-84 (Plaintiffs' filed 2018 1040 Tax Return). Plaintiffs jointly filed a return for 2019 on or about June 16, 2023. ECF No. 13-6, PageID.85-97 (Plaintiffs' filed 2019 1040 Tax Return).

Plaintiffs jointly filed a return for 2020 on or about October 10, 2023. *See* ECF No. 13-7, PageID.98-99 (Literal Transcript for Plaintiffs' 2020 Income Tax).

Plaintiffs claimed a refund of $12,719.00 on their filed return for 2020. *See* Plaintiffs' 2020 1040 Income Tax Return, attached as Exhibit 1. The IRS issued a total of $12,856.25 in refunds for credits applied to Plaintiffs' 2020 income tax; the credited amounts were applied Economic Impact Payments, earned income credit, child tax credit, and recovery rebate credit. ECF No. 13-7, PageID.98-99.

Plaintiffs jointly filed a return for 2022 on or about August 23, 2023. *See* 2022 Income Tax Transcript, attached as Exhibit 2. Plaintiffs claimed a refund of $7,147.00 on their filed return for 2022. *See* Plaintiffs' 2022 1040 Income Tax Return, attached as Exhibit 3. The IRS issued a refund for the credits applied to Plaintiffs' income tax for tax year 2022, plus interest. *See* Exhibit 2.

In their Amended Complaint, Plaintiffs assert a number of conclusions, but they do not assert sufficient facts that, even taken as true, show they are owed the relief they seek. Plaintiffs assert they filed returns for each tax year and claimed the identified amounts as refunds, but Plaintiffs still have not alleged the dates on which they filed the returns to make the claims timely, they have not alleged facts to show a basis for them to qualify for the credits they claim to be owed, and therefore they have not alleged facts to support their claims for refunds. Plaintiffs simply rely on their conclusion that the IRS erroneously recorded one of them as deceased which, they then conclude, caused delay or denial in the processing of their returns. Plaintiffs simply state they are owed the refund amounts they claimed

on their returns (for two of which the IRS already issued the refunds where Plaintiffs timely claimed refunds). Plaintiffs rely on the same few asserted facts and their conclusions to assert a violation of their due process rights.

## II. PLAINTIFFS CANNOT ESTABLISH JURISDICTION FOR A REFUND SUIT UNDER 26 U.S.C. § 7422 FOR YEARS 2017-2020 AND 2022.

### A. Legal standard for dismissal for lack of jurisdiction under Rule 12(b)(1)

Plaintiffs cannot establish jurisdiction to maintain their refund suit for 2017, 2018, 2019, 2020, and 2022. Plaintiffs do not meet the statutory requirements that are conditions upon the statutory waiver of sovereign immunity to bring a suit under 26 U.S.C. § 7422 for tax years 2017, 2018, and 2019. For 2020 and 2022, Plaintiffs do not have standing because they already received their refunds and allege no additional grounds for a claim under 26 U.S.C. § 7422 for either 2020 or 2022. A motion to dismiss for lack of jurisdiction can raise facial or factual attacks. *L.C. v. United States*, 83 F.4th 534, 542 (6th Cir. 2023). "A facial attack goes to the question of whether the plaintiff has alleged a basis for subject matter jurisdiction." *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014). On the other hand, a factual attack "challenges the factual existence of subject matter jurisdiction," and a court has "broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists." *Id.* Ultimately, the plaintiff has the burden of proving subject-matter jurisdiction. *Lujan v. Defs. of Wildlife*, 504 U.S.

555, 560-61 (1992); *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996).

Plaintiffs factually lack jurisdiction for their refund claims for 2017-2020 and 2022. For years 2017, 2018, and 2019, Plaintiffs cannot show that the United States has waived sovereign immunity, and the Court lacks jurisdiction. *United States v. Miller*, 604 U.S. 518, 527 (2025) ("'sovereign immunity is jurisdictional in nature' and deprives courts of the power to hear suits against the United States absent Congress's express consent." (quoting *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994))). For 2020 and 2022, Plaintiffs factually lack standing to bring these refund claims.

### B. For 2017, 2018, and 2019, Plaintiffs cannot show the United States waived sovereign immunity, and the Court thus lacks jurisdiction over those refund claims

#### i. Requirements for a waiver of sovereign immunity

The United States holds sovereign immunity and cannot be sued unless it explicitly consents to being sued. Sovereign immunity is jurisdictional in nature. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). The terms of the United States' consent to be sued determine the "court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The scope of the waiver is strictly construed in favor of the government. *Lane v. Pena*, 518 U.S. 187, 192 (1996). Just as Plaintiffs bear the burden of proving jurisdiction, Plaintiffs must also prove the

waiver of sovereign immunity for their claims. *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000) ("[a plaintiff] must identify a waiver of sovereign immunity in order to proceed against the United States. If he cannot identify a waiver, the claim must be dismissed on jurisdictional grounds.").

Before a taxpayer may maintain a suit for the refund of federal tax in court, the taxpayer must first file a valid and proper administrative refund claim with the IRS. *See* 26 U.S.C. § 7422(a). That includes filing a timely refund claim. 26 U.S.C. § 6511; *United States v. Dalm*, 494 U.S. 596, 602-605 (1990); *see also Thomas v. United States,* 166 F.3d 825, 828-829 (6th Cir. 1999). Section 6511 provides the deadline by which a taxpayer must file the refund claim. As the Supreme Court has observed, the provisions of 26 U.S.C. § 6511 regarding claims for tax refunds are conditions on the waiver of sovereign immunity. *Dalm*, 494 U.S. at 601-02, 609, 610. A refund claim that fails to satisfy the statute's conditions on the waiver of sovereign immunity must be dismissed for lack of jurisdiction. *See C.I.R. v. Lundy*, 516 U.S. 235, 240 (1996) ("[T]he provisions governing refund suits in United States District Court . . . make timely filing of a refund claim a jurisdictional prerequisite to bringing suit."). For the reasons described below, the Plaintiffs fail to, and cannot, meet the requirements to waive the government's sovereign immunity and bring a tax refund suit for their refund claims for years 2017, 2018, and 2019.

### ii. Plaintiffs' refund claims for tax years 2017, 2018, and 2019 were too late

To establish a waiver of the United States' sovereign immunity and a court's jurisdiction over a suit for the refund of taxes, Plaintiffs must meet the timing requirements laid out in the statutes. They fail to do so for tax years 2017 through 2019.

To start, taxpayers must file their refund claim with the IRS within three years from the time they filed the return or within two years from the time the tax was paid, whichever is later. 26 U.S.C. § 6511(a). A Form 1040 income tax return may serve as a claim for refund. That is the situation here, as Plaintiffs made their refund claims on the face of the returns in question. Although Plaintiffs filed their returns after the April 15 filing deadline (as described above), the refund claims made on the returns were necessarily filed within three years of the filing of each return because each return and corresponding refund claim were filed at the same time, as they were contained in the same document.

But even though Plaintiffs filed their refund claims for 2017-2019 within three years of filing their returns, their refund claims still came too late. When taxpayers file their refund claim within that three-year period, the amount of any refund is limited to the amount of tax paid in the three years immediately before

the refund claim was filed.[1] *See* 26 U.S.C. § 6511(b)(2)(A). Plaintiffs made no payments in the three years before they filed their refund claims for 2017-2019. As shown on their IRS transcripts for 2017-2019, the only payments Plaintiffs made toward those liabilities came in the form of credits and W-2 withholdings applied to their taxes. *See* ECF No. 13-2, PageID.61; ECF No. 13-4, PageID.73; 13-8, PageID.100. The W-2 withholdings and the credits are considered paid on the respective due date of the returns, 26 U.S.C. § 6513(b)(1), and the transcripts reflect that, s*ee* ECF No. 13-2, PageID.61; ECF No. 13-4, PageID.73; 13-8, PageID.100 (showing credits and W-2 withholdings made on April 15 of the year following the given tax year). But the refund claims were filed more than three years after those dates. The payments for 2017 were made on April 15, 2018, but Plaintiffs filed their claim on March 31, 2023. ECF No. 13-3, PageID.63. The payments for 2018 were made on April 15, 2019, but Plaintiffs filed their claim on March 31, 2023. ECF No. 13-5, PageID.75. The payments for 2019 were made on April 15, 2020, but Plaintiffs filed their claim on June 16, 2023.[2] ECF No. 13-6,

---

[1] The three-year look-back period is enlarged to include "the period of any extension of time for filing the return," 26 U.S.C. § 6511(b)(2)(A), but that does not apply here as the IRS transcripts submitted in support of this motion do not show that Plaintiffs obtained any extension of the usual filing deadline. *See* ECF Nos. 13-2, 13-4, 13-8.

[2] The 2019 return shows two stamped "received" dates, the later of which is reflected in the transcript, ECF No. 13-8, PageID.100. But even the earlier receipt date, June 16, 2023, is beyond the three-year period under 26 U.S.C. § 6511(b)(2)(A).

PageID.85. Plaintiffs did not timely file a claim for refund for any of these tax years, as they each were filed more than three years after the W-2 withholdings and other credits were applied.[3] *See* 26 U.S.C. § 6511(b)(2)(A). As a result, the Court lacks jurisdiction over the refund claims for 2017, 2018, and 2019. Therefore, these claims must be dismissed.

**iii. For 2017, Plaintiffs not only untimely filed their claim, but also untimely brought this suit under 26 U.S.C. § 6532**

In addition to being untimely for filing their refund claims under Section 6511, Plaintiffs did not timely bring a lawsuit for their 2017 claim. Plaintiffs are required to file a refund lawsuit not sooner than six months after duly filing a claim

[3] Giving leniency to pro se Plaintiffs, the United States used the additional time granted by the Court, *see* ECF No. 10 (text-only order entered on January 9, 2026); ECF No. 11 (text-only order entered on January 16, 2026), to further investigate whether any evidence existed to refute the return filing dates (and thus the refund claim filing dates) for 2017, 2018, and 2019 shown on the account transcripts. ECF Nos. ECF No. 13-2, PageID.61; ECF No. 13-4, PageID.73; 13-8, PageID.100. However, extensive review of IRS records has only confirmed the original returns (and therefore the refund claims) were received on or about these dates. *See* ECF No. 13-3, PageID.63; ECF No. 13-5, PageID.75; and ECF No. 13-6, PageID.85. During this time, Plaintiffs, who bear the burden of proving jurisdiction, *Madison-Hughes,* 80 F.3d at 1130, have also failed to provide any copies of dated returns, mailing receipts, or other documentation to support their belief that they timely filed tax returns (and thus made earlier claims for refund) for 2017, 2018, and 2019. Plaintiffs also cannot rely on a mere allegation that they duly mailed their return for it to be deemed filed; rather, they must have a receipt of registered or certified mailing to show they timely filed the returns to claim the refunds they seek. *Carroll v. Comm'r*, 71 F.3d 1228, 1229 (6th Cir. 1995) ("a taxpayer who sends a document to the IRS by regular mail, as opposed to registered or certified mail, does so at his peril.").

and, if the claim is disallowed, then within two years from the date of the mailing of the disallowance of their claim. 26 U.S.C. § 6532(a)(1). The transcripts for 2017, 2018, and 2019 indicate the date each claim was disallowed and the notice issued on the same day as disallowance. *See* ECF No. 13-2, PageID.61; ECF No. 13-4, PageID.73; 13-8, PageID.100. Plaintiffs' claim for 2017 was disallowed on September 4, 2023, and notice sent the same day. *See* ECF No. 13-2, PageID.62. Plaintiffs initially filed this suit on September 24, 2025. ECF No. 1. Plaintiffs untimely filed suit for their claim for 2017; therefore, jurisdiction does not exist over Plaintiffs' refund claim for 2017 for that additional reason.

### C. The IRS already issued a refund for Plaintiffs' 2020 and 2022 income tax claims and Plaintiffs have no injury to give them standing for these claims

The Court lacks jurisdiction over Plaintiffs' 2020 and 2022 refund claims because they lack standing—the IRS issued Plaintiffs refunds for the total amounts Plaintiffs claimed as refundable credits on their 2020 and 2022 tax returns, plus interest. Plaintiffs also do not otherwise allege facts to establish a waiver of sovereign immunity for a refund suit for another claim related to these tax years. To avail themselves of the Court's jurisdiction, Plaintiffs must prove, in part, that they have suffered an "injury in fact," that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 330 (2016) (citing *Lujan*, 504 U.S. at 560–561). The IRS issued the

requested refunds (plus interest) for 2020 and 2022, so Plaintiffs lack an "injury in fact" and therefore lack standing for their 2020 and 2022 refund claims.

For tax year 2020, Planitiffs allege that they received less than they "expected." ECF No. 15, PageID 103. On their filed tax return, Plaintiffs claimed $12,719.00. The IRS issued a total of $12,856.25 in refunded credits to the Plaintiffs. *See* ECF No. 13-7. The IRS issued a refund of $1,200 and of $600 to Plaintiffs, ECF No. 13-7, PageID.98, for the economic impact payments authorized, respectively, by the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), passed on March 27, 2020, Pub. L. 116-136, 134 Stat. 281 (2020), and the Consolidated Appropriations Act, 2021 (CAA), passed on December 27, 2020, Pub. L. 116-260, 134 Stat. 1182 (2020). In accordance with 26 U.S.C. §§ 6428(f), 6428A(f), these credits were applied and issued as refunds in advance, but still credited to Plaintiffs' 2020 income tax. Plaintiffs claimed these credits on line 30 ("Recovery rebate credit") of their 2020 return in the amount of $5,800, but had already been issued $1,800 of the credits. Exhibit 2; ECF No. 13-7, PageID.98. After Plaintiffs filed their return for 2020, the IRS applied the remaining $4,000 of these credits and the other credits Plaintiffs claimed (and the statutory interest) and issued a refund of $11,056.25. Plaintiffs admit they received this $11,056.25 refund. ECF No. 15, PageID.103. Plaintiffs claimed a refund of $12,719.00 and were issued a total of $12,856.25 for their 2020 federal income

taxes; therefore, Plaintiffs lack an "injury in fact" to establish standing to bring their 2020 refund claim.

For tax year 2022, Plaintiffs simply allege that their refund "was not received." ECF No. 15, PageID.103. However, the 2022 transcript shows Plaintiffs were issued their claimed refund, plus interest, on or about December 11, 2023. Exhibit 2. Plaintiffs also appear to have received this refund. It was issued via paper check to the address listed on their return (11811 Valleydale Ct., Washington, MI 48095, Exhibit 3, which matches their current address, ECF No. 1, PageID.2) and was endorsed by both taxpayers. 2022 Refund Check, attached as Exhibit 4. Therefore, Plaintiffs lack an "injury in fact" for standing with their 2022 refund claim.

Plaintiffs simply seek a refund of the amounts they claimed on their returns for 2020 and 2022, ECF No. 15, PageID.104. Because the IRS already issued the refundable amounts Plaintiffs claimed on their 2020 and 2022 returns, Plaintiffs do not have standing and the Court must dismiss these refund claims for lack of jurisdiction.

## III. PLAINTIFFS FAIL TO ALLEGE MORE THAN CONCLUSORY STATEMENTS THAT THEY DESERVE A REFUND ON THEIR INCOME TAXES AND THE COURT SHOULD DISMISS UNDER RULE 12(b)(6)

### A. Legal standard for dismissal for failure to state a claim under Rule 12(b)(6)

A Rule 12(b)(6) motion to dismiss for failure to state a claim requires that the Court determine if the (amended) complaint contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Under this standard, the factual claims made in the contested pleading "must be enough to raise a right to relief above the speculative level[,]" *Twombly,* 550 U.S. at 545, and "[t]he court must 'accept all the ... factual allegations as true and construe the complaint in the light most favorable'" to the plaintiff, *Louisville/Jefferson Cty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 384 (6th Cir. 2009) (quoting *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)). However, a court need not accept as true the legal conclusions asserted in a complaint. *Iqbal*, 556 U.S. at 678.

### B. Plaintiffs failed to state a claim to support a refund for any of the tax years

Plaintiffs fail to state a claim for any refund on their income taxes. While the refund claim for 2023 appears to fall within a waiver of sovereign immunity (and if the Court finds that it has jurisdiction over any of the claims for 2017-2020 and

2022), Plaintiffs do not allege facts to support that they are owed a refund and the Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiffs rely on conclusory assertions and allege only a few facts that fail to support their refund claims in their Amended Complaint. The only relevant facts Plaintiffs allege are that they filed income tax returns for tax years 2017, 2018, 2019, 2020, 2022, and 2023; they claimed refunds on each of those returns; they did not receive these claimed refunds (or in the case of 2020, did not receive as much as they claimed) but Plaintiffs simply conclude that they are owed these refunds without alleging facts to support a basis for them qualifying for any of the claimed credits. Plaintiffs also allege that the IRS erroneously identified one of them as deceased and this caused a delay or denial of processing Plaintiffs' returns.[4] However, this ultimately does not go toward the Plaintiffs' claims that they are entitled to refundable amounts. "Tax deductions and credits are a matter of

[4] Plaintiffs did not include it with their Amended Complaint, but the letter that Plaintiffs attached to the Complaint and pointed to as support that the IRS incorrectly identified one of them as deceased relates only to tax year 2022. ECF No. 1, PageID.3. Plaintiffs have not alleged they received, nor have they filed on the docket, any similar letter for any other tax year. As argued above, Plaintiffs received a refund for 2020 and 2022. Plaintiffs' returns for 2017 and 2018 were filed on March 31, 2023 (before the letter regarding the 2022 tax year was issued on May 22, 2023), and the IRS still processed the 2017 and 2018 returns and disallowed the claims for refund in the returns on September 4, 2023, and March 4, 2024, respectively. ECF No. 13-2, PageID.61; ECF No. 13-3, PageID.73. In addition, this letter does not give reason to believe the 2017, 2018, and 2019 returns were not filed on the stamped receipt dates appearing on ECF No. 13-3, PageID.63; ECF No. 13-5, PageID.75; and ECF No. 13-6, PageID.85.

legislative grace, and a taxpayer must clearly establish entitlement." *Schiff v. United States*, 942 F.2d 348, 352 (6th Cir. 1991); *see also e.g. Hauptli v. Comm'r,* 951 F.2d 1193, 1195 (10th Cir. 1991) ("It is a long established tenet of tax law that tax credits are matters of legislative grace, and the burden is on taxpayers to demonstrate clearly that they are entitled to the credit."). Taking the Amended Complaint on its face, Plaintiffs have failed to allege sufficient facts that, taken as true, support they are owed any tax refunds.

Because 2023 does not appear to have the jurisdictional defects as argued above for years 2017-2020 and 2022, the government suggests it be dismissed without prejudice. It is possible the IRS may then grant the claim for 2023 and, if it does not, then Plaintiffs may file a new suit (or may seek to supplement their Amended Complaint in this one, if it is still pending) to allege facts that, taken as true, support a right to relief beyond mere opinions and conclusions. As the Amended Complaint stands, however, without sufficient alleged facts, Plaintiffs refund claims for each tax year, including 2023, should be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

## IV. PLAINTIFFS FAIL TO STATE FACTS SUPPORTING THEIR VIOLATION OF DUE PROCESS CLAIM, AND THE COURT SHOULD DISMISS THE CLAIM

Plaintiffs fail to assert any facts to support their thrown-in claim for a violation of their due process rights. The few facts alleged—not Plaintiffs' conclusions—in the Amended Complaint relate to a refund claim and do not

support a claim based on violating due process. Indeed, Plaintiffs establish no waiver of sovereign immunity for an independent due process claim. Plaintiffs allege they claimed refunds and did not receive those refunds. They do not allege what part of this process violated their due process rights. Further, this bare assertion goes against well-established constitutional law. "The Supreme Court has repeatedly held that where internal revenue collection is at issue, a meaningful post-deprivation remedy will satisfy the Due Process Clause." *Fishburn v. Brown*, 125 F.3d 979, 983 (6th Cir. 1997), *abrogated on other grounds by Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006).

The tax refund claim administrative and judicial review process—which Plaintiffs have availed themselves of—affords taxpayers all the process they are due. *Phillips v. Comm'r*, 283 U.S. 589, 595 (1931); *see also Matter of Indebtedness of Reno*, 1995 WL 128016 , at *3 (E.D. Mich. Jan. 31, 1995) ("procedures under which the government may require a taxpayer to pay tax assessments first and then litigate the question of liability are constitutional."); *De Gregory v. United States*, 395 F. Supp. 171, 174 (E.D. Mich. 1975) ("summary seizure of property to collect the internal revenue of the United States is constitutionally permissible.").

As the Amended Complaint stands, without sufficient alleged facts, Plaintiffs' violation of due process claim fails to independently establish a waiver of sovereign immunity and it fails to state a claim.

## V. CONCLUSION

For the reasons stated above, the Court lacks jurisdiction over Plaintiffs' refund claims for 2017, 2018, 2019, 2020, and 2022 and their violation of due process claim and it should therefore dismiss these claims for lack of jurisdiction. In addition, Plaintiffs fail to state a claim to support a refund for the alleged tax years—2017, 2018, 2019, 2020, 2022 and 2023—or support their violation of due process claim and the Court should dismiss the Amended Complaint pursuant to Rule 12(b)(6).

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JOSHUA WU
Deputy Assistant Attorney General,
Tax Litigation Branch

*/s/ Sarah Stoner*
SARAH STONER (OH 103408)
Trial Attorney
Tax Litigation Branch
Civil Division, Department of Justice
P.O. Box 55
Washington, DC 20044
Telephone: 202-514-1170
Fax: 202-514-5238
Sarah.Stoner@usdoj.gov
Counsel for Defendant