UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL L. MUSCAT and
REBECCA B. MUSCAT,

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.
_______________________________/

Case No. 2:25-cv-13019

District Judge David M. Lawson
Magistrate Judge Anthony P. Patti

**ORDER DISCHARGING SHOW CAUSE REQUIREMENT AND SETTING NEW DEADLINE FOR RESPONSE TO MOTION TO DISMISS**

Plaintiffs have adequately responded to the Court's show cause order (*see* ECF No. 22); accordingly, their responsibility under the show cause order (*see* ECF No. 21) is **HEREBY DISCHARGED**.

The Court also finds excusable neglect under Fed. R. Civ. P. 6(b)(1)(B) to extend the already passed deadline for responding to the pending motion to dismiss (*see* ECF Nos. 17, 18); accordingly, the deadline for responding to the motion to dismiss (ECF No. 17) is **HEREBY EXTENDED** to **September 18, 2026**. Failure to abide by this deadline will result in the Court treating the motion as unopposed.

Finally, the Court gives two cautions. First, the show cause response (ECF No. 22) suggests that Plaintiffs were waiting for certain discovery materials before responding to the May 1, 2026 motion to dismiss (ECF No. 17); however, motions

to dismiss are decided on the pleadings themselves, *see* Fed. R. Civ. P. 7(a) ("Pleadings."), Fed. R. Civ. P. 12(b) ("How to Present Defenses."), and, when addressing a Rule 12 motion to dismiss, the Court generally will not consider evidence that is put into the record through the response. Here, no discovery should have been necessary to respond to Defendant's Rule 12(b) motion (ECF No .17) to dismiss Plaintiffs' amended complaint (ECF No. 15). Indeed, the discovery period in this case has not even been defined, let alone commenced.

Second, Plaintiffs are cautioned about the use of generative Artificial Intelligence (AI) in drafting their response brief. AI cannot give legal advice, and its use in research has led to glaring misstatements of law and sanctions awarded against both attorneys and *pro se* litigants. "At this point, it 'is no secret that generative AI programs are known to 'hallucinate' nonexistent cases, and with the advent of AI, courts have seen a rash of cases in which both counsel and *pro se* litigants have cited such fake, hallucinated cases in their briefs.'" *Seither & Cherry Quad Cities, Inc. v. Oakland Automation, LLC*, No. 23-11310, 2025 WL 2105286, at *1 (E.D. Mich. July 28, 2025) (Behm, J.) (quoting *Sanders v. United States*, 176 Fed. Cl. 163, 169 (2025)). AI chatbots "are designed to mimic patterns of words, probabilistically. When they are 'right,' it is because correct things are often written down in the dataset they were trained on, not because they can independently fact-check themselves in the same way a human would." *Id.*

Indeed, French data scientist and lawyer Damien Charlotin catalogued "at least 490 court filings" between May and October 2025 that contained hallucinations. Cathy Bussewitz, *Mistake-Filled Legal Briefs Show the Limits of Relying on AI Tools at Work*, , *The Associated Press* (Oct. 30, 2025). Thus, the use of generative AI when drafting legal filings is a very risky practice, as *pro se* litigants and attorneys are still subject to the requirements of Fed. R. Civ. P. 11(b)(2) with respect to pleadings, motions, and other documents they sign and submit to the Court; even in the absence of bad faith, Rule 11 sanctions for use of AI generated phantom cases may be warranted. *See, e.g., Seither*, 2025 WL 2105286, at *2 (awarding sanctions); *Ali v. IT People Corp., Inc.*, No. 2:25-CV-10815, 2025 WL 2682622, at *3, *6 (E.D. Mich. Sept. 19, 2025) (Patti, M.J.) (awarding sanctions against *pro se* litigant for hallucinated legal citations and misstatements). All parties are **HEREBY SO WARNED**.

**IT IS SO ORDERED.**[1]

Dated: August 20, 2026

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).